|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | **PRIORITY SEND** |
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 11-8589-JFW (JEMx)**                                    Date:  November 18, 2011

Title:        Tonia Knightener -v- Local Initiatives Support Corporation, et al.

**PRESENT:**

       HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                                          None

**PROCEEDINGS (IN CHAMBERS):**        ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

      On September 6, 2011, Plaintiff Tonia Knightner ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Defendant Local Initiatives Support Corporation ("Defendant"). On October 17, 2011, Defendant filed its Notice of Removal, alleging this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

      Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.

      In its Notice of Removal, Defendant fails to allege the citizenship of Plaintiff. Instead, Defendant alleges that Plaintiff resides in Los Angeles, California. However, "the diversitsy jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled

in the places they reside with the intent to remain or to which they intend to return. *Id*. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id*. Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning Plaintiff's citizenship, Defendant has failed to meet its burden to establish this Court's jurisdiction. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

In addition, when, as in this case, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* at 377 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir. 1995)); *see also Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, Allstate should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation omitted). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

In its Notice of Removal, Defendant claims that the amount in controversy in this action clearly exceeds the jurisdictional minimum of $75,000. Notice of Removal, ¶ 7. However, Defendant's arguments regarding the amount in controversy in the Notice of Removal are not supported by citation to specific facts or summary judgment type evidence, but, instead, rely on assumptions, speculations, and conjecture. For example, Defendant simply assumes that "[b]ased on a conservative good-faith estimate of the value of the claims in this action, plaintiff is seeking well over $75,000 for unpaid lost wages and related employment benefits, emotional distress damages, punitive damages and attorneys' fees" without offering any specific facts or summary judgment type evidence to support that "estimate." *See Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1199 (N.D. Cal. 1998) (holding that defendants could not meet the burden of demonstrating the amount in controversy "simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money."); *see also Gordon v. Allstate Insurance Co.*, 2010 WL 1949164 (D. Ariz. May 13, 2010) (holding that "while verdicts in similar cases can be probative, they are not determinative; Defendants must point to facts that would support a $75,000 or higher punitive damage award in this case.").

Therefore, Defendant's conclusory allegations in this case do not prove by a preponderance of the evidence that the jurisdictional amount is satisfied. *See, e.g., Alvarez v. Limited Express, LLC,* 2007 WL 2317125, at *4 (S.D. Cal. Aug. 8, 2007) (remanding where defendant "chose not to provide the underlying facts and instead relied on a speculative, conjectural estimate from plaintiff's motion papers"); *see, also, Lowdermilk v. United States Bank National Association*, 479 F.3d 994, 1002 (9th Cir. 2007) (holding that a court cannot base its jurisdiction on speculation and conjecture). Accordingly, Defendant has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000.

Defendant has failed to satisfy its burden of establishing that diversity jurisdiction exists. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter

jurisdiction.  *See* 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.